UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

GIANNI SCIOSCIA,                                              CASE NO.: 0:19-cv-61770

      Plaintiff,

v.

HOME VALUE STORE I, LLC, a/k/a HOME VALUE
STORE II, LLC, a/k/a HOME VALUE STORE III, LLC,

      Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, Gianni Scioscia (the "Plaintiff"), by and through counsel, sues Defendant, Home Value Store I, LLC, a/k/a Home Value Store II, LLC, a/k/a Home Value Store III, LLC (the "Defendant"), and states:

1. This is an action for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, and related State law claims.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the FLSA.

3. This Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the conduct giving rise to the Plaintiff's claims occurred within this District.

### PARTIES

5. The Plaintiff is a citizen of the State of Florida and a resident of Broward County.

6. The Defendant is a Florida limited liability company doing business in Broward

County, Florida.

## APPLICABILITY OF THE FAIR LABOR STANDARDS ACT

7. At all times material hereto, the Plaintiff was employed by the Defendant within the meaning of the FLSA.

8. In performing his duties for the Defendant, the Plaintiff was engaged in commerce within the meaning of the FLSA.

9. In performing his duties for the Defendant, the Plaintiff used goods and products that had been moved or produced in interstate commerce.

10. At all times material hereto, the Defendant has used goods and products that have been moved or produced in interstate commerce.

11. At all times material hereto, the Defendant has been an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

12. The Plaintiff was employed by the Defendant from approximately September 2016 to June 2019 (the "Covered Period").

13. Throughout the Covered Period, the Plaintiff worked for the Defendant in its warehouse in Ft. Lauderdale.

14. Throughout the Covered Period, the Plaintiff was a full-time employee of the Defendant.

15. Throughout the Covered Period, the Defendant paid the Plaintiff on a salary basis, which converted to an hourly rate, equaled $17.50 an hour.

16. Throughout the Covered Period, the Plaintiff was required to work in excess of forty (40) hours a week.

17. Throughout the Covered Period, the Plaintiff worked approximately 1,719 hours

of overtime.

18. The Defendant knew or should have known that employees, like the Plaintiff, routinely were required to work overtime in order to accomplish their assigned tasks.

19. The Plaintiff was not compensated for his overtime.

20. The Defendant did not compensate the Plaintiff's overtime because the Defendant intentionally misclassified the Plaintiff as an "exempt" employee for overtime purposes.

21. However, the Plaintiff was not an "exempt" employee because more than half of the duties he was required to perform were identical to that required by non-exempt employees and any managerial or supervisory tasks were merely incidental to these duties.

22. The Plaintiff is owed approximately $45,123.75, not including liquated damages.

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARD ACT (29 U.S.C. § 207)**

23. The Plaintiff realleges and incorporates by reference paragraphs 1–22.

24. Under the FLSA, the Plaintiff was entitled to pay for every hour he worked for the Defendant and for overtime premium compensation of one and one-half times his regular rate of pay, for the hours he worked beyond forty (40) per week for the Defendant.

25. By the above course of conduct, the Defendant violated the FLSA.

26. Upon information and belief, the Defendant's practice of not compensating the Plaintiff overtime was not approved in writing by the United States Department of Labor.

27. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based on the Defendant's review of any policy or publication of the United States Department of Labor.

28. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any advice of counsel received by the Defendant.

29. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any investigation by the Defendant of whether the Plaintiff actually exceeded forty (40) hours during any pay period.

30. Consequently, the Defendant has violated the FLSA willfully.

31. Due to the Defendant's FLSA violations, the Plaintiff is entitled to recover from the Defendant his unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) awarding damages in the amount of his unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(b) awarding additional liquidated damages equal to the amount of his unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(c) awarding reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

(d) awarding fees and costs incurred in this action; and

(e) granting any other legal or equitable relief the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

32. The Plaintiff realleges and incorporates by reference paragraphs 1–22.

33. Unless the Defendant concedes the existence of an express contract covering the labor he performed, the Plaintiff has no adequate remedy at law.

34. The Plaintiff conferred benefits on the Defendant in the form of 1,140 hours of uncompensated overtime labor.

35. These benefits conferred by the Plaintiff directly resulted in profits for the Defendant.

36. The Defendant had knowledge of these benefits.

37. The Defendant voluntarily accepted and retained the benefits the Plaintiff conferred.

38. The circumstances are such that it would be inequitable for the Defendant to retain the benefits without paying the value thereof to the Plaintiff.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) impressing a constructive trust on the proceeds received as a result of the Plaintiff's uncompensated labor;

(b) imposing an equitable lien on the proceeds received as a result of the Plaintiff's uncompensated labor;

(c) subrogating the Defendant's interest in the proceeds received as a result of the Plaintiff's uncompensated labor to the rights of the Plaintiff as obligee or lien holder in those proceeds;

(d) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(e) awarding fees and costs incurred in this action; and

(f) granting any other legal or equitable relief the Court deems just and proper.

### COUNT III – VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. § 501.201 *ET SEQ.*)

39. The Plaintiff realleges and incorporates by reference paragraphs 1–22.

40. The Defendant's act of intentionally misclassifying employees, like the Plaintiff, as "exempt" is a deceptive act to evade taxes and underpay its employees.

41. The Defendant's act of not compensating employees, like the Plaintiff, for all of the hours they worked is an unfair practice.

42. The Defendant's unfair and deceptive practice caused the Plaintiff damages.

43. The Plaintiff suffered actual damages, including uncompensated labor.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) entering a declaratory judgment finding the Defendants' actions, as set forth above, unfair and deceptive trade practices pursuant to Fla. Stat. § 501.211(1);

(b) imposing an injunction enjoining the Defendants from continuing to take unfair and deceptive actions, as set forth above, pursuant to Fla. Stat. § 501.211(1);

(c) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(d) upon appropriate leave of Court, awarding punitive damages in an amount not exceeding $2,000,000;

(e) awarding reasonable attorney's fees and costs pursuant to Fla. Stat. § 501.211(2), § 501.2105;

(f) awarding fees and costs incurred in this action; and

(g) granting any other legal or equitable relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

DATED July 16, 2019.

                        Respectfully Submitted By:

                        Gulisano Law, PLLC
                        5645 Coral Ridge Drive, Suite 207
                        Coral Springs, FL 33076
                        954-947-3972 – office
                        954-947-3910 – fax
                        michael@gulisanolaw.com – email

                        s/ Michael Gulisano
                        Michael Gulisano, Esquire
                        Florida Bar No.: 87573